CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED Roanoke

JAN - 3 2006

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | |
|---|---|
| DARRICK S. GENTRY, <br> Petitioner, | Civil Action No. 7:05-cv-00768 <br> Criminal Action No. 7:03-cr-00053 |
| v. | **MEMORANDUM OPINION** |
| UNITED STATES OF AMERICA, <br> Respondent. | By: Hon. Jackson L. Kiser <br> Senior United States District Judge |

The petitioner, Darrick S. Gentry, a federal inmate proceeding with counsel, brings this action as a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. For the following reasons, the court will file and dismiss the petitioner's motion pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings.[1]

I.

On May 3, 2004, the petitioner pled guilty to one count of conspiring to distribute more than 500 grams of cocaine powder, in violation of 21 U.S.C. § 846. Less than two months after the petitioner pled guilty, but before he was sentenced, the United States Supreme Court decided Blakely v. Washington, 542 U.S. 296 (2004). In Blakely, the Supreme Court considered the constitutionality of the State of Washington's determinate sentencing scheme. Blakely had pled guilty to kidnapping, a felony punishable by a term of imprisonment of not more than ten years. Other provisions of Washington law, comparable to the Federal Sentencing Guidelines, mandated a sentencing range of 49-53 months, unless the sentencing court found aggravating facts justifying a longer sentence. The sentencing court found that Blakely had acted with "deliberate cruelty" and therefore sentenced him to a term of imprisonment of 90 months. Id. at 298. The Court of Appeals of Washington affirmed

---

[1] Rule 4(b) provides that a § 2255 motion must be dismissed if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief."

the sentence, but the Supreme Court reversed. Applying the rule announced in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), the Court held that the imposition of the sentencing enhancement, which was based solely on the factual findings of the sentencing court, violated Blakely's Sixth Amendment rights because the underlying facts were neither admitted by Blakely nor found by a jury. <u>Id.</u> at 305-306.

Shortly after <u>Blakely</u> was decided, the United States Court of Appeals for the Fourth Circuit held that <u>Blakely</u> did not apply to sentences imposed under the federal sentencing guidelines. <u>United States v. Hammoud</u>, 378 F.3d 426 (4th Cir. 2004) (<u>en banc</u> order). The Court instructed the district courts to continue sentencing criminal defendants in accordance with the guidelines. <u>Id.</u> However, the Court advised the district courts to "announce, at the time of sentencing, a sentence pursuant to 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2004), treating the guidelines as advisory only."

On November 1, 2004, the petitioner was sentenced in accordance with the guidelines to a term of imprisonment of 94 months. Pursuant to the Fourth Circuit's instructions in <u>Hammoud</u>, I imposed an alternative sentence of 60 months. The petitioner's judgment of conviction was entered on November 4, 2004. The petitioner did not appeal his conviction or sentence. Therefore, his conviction became final on November 19, 2004, the date on which his time to appeal expired. <u>See Clay v. United States</u>, 537 U.S. 522, 532 (2003); Fed. R. App. P. 4(b) and 26(a).

On January 12, 2005, the United States Supreme Court decided <u>United States v. Booker</u>, 543 U.S. 220, 125 S. Ct. 738 (2005). The Supreme Court held that <u>Blakely</u> applies to the federal sentencing guidelines, and therefore, the Sixth Amendment is violated when a district court imposes a mandatory sentence under the guidelines that is greater than the maximum sentence authorized by the facts found by the jury alone. <u>Booker</u>, 125 S. Ct. at 756.

2

## II.

The petitioner has now filed a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. The petitioner contends that his 94-month sentence is unconstitutional in light of the Booker decision, and that the alternative 60-month sentence should be imposed. However, the petitioner's claim is foreclosed by the Fourth Circuit's recent decision in United States v. Morris, 429 F.3d 65 (4th Cir. 2005). In Morris, the Fourth Circuit held that the rule announced in Booker is "not available for post-conviction relief for federal prisoners ... whose convictions became final before Booker was decided." Morris, 429 F.3d at 72. Since the petitioner's conviction became final in November, 2004, the rule announced in Booker offers him no ground for relief under § 2255. Accordingly, the petitioner's motion must be dismissed.[2]

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the petitioner and counsel of record for the respondent.

ENTER: This 2nd day of January, 2006.

Senior United States District Judge

---

[2] Additionally, the court notes that the petitioner's motion is untimely. Section 2255 has a one-year period of limitation. Generally, this period begins to run from the date on which the judgment of conviction becomes final. See 29 U.S.C. § 2255, ¶ 6. As previously explained, the petitioner's conviction became final on November 19, 2004. Therefore, the petitioner had until November 19, 2005 to file a § 2255 motion. The petitioner did not meet this deadline, and he does not allege facts demonstrating that he meets any of the conditions allowing for a later commencement of the one-year period of limitation. See 28 U.S.C. § 2255 ¶ 6.

3